UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SANCHEZ FISCHER LEVINE, LLP

       Petitioner,                                  CASE NO.:

vs.

BDT INVESTMENTS, INC.

       Respondent.

_____/

## PETITION TO CONFIRM AND ENFORCE ARBITRATION AWARD

Petitioner, Sanchez Fischer Levine, LLP ("SFL"), pursuant to 9 U.S.C. § 9 and 9 U.S.C. § 207, petitions to confirm and enforce the arbitration award entered in its favor and against Respondent, BDT Investments, Inc. ("BDT") by the International Centre for Dispute Resolution of the American Arbitration Association ("AAA"), and alleges as follows:

### THE PARTIES

1. Petitioner SFL is a limited liability partnership formed and existing under the laws of the State of Florida with its principal place of business located at 1200 Brickell Avenue, Suite 750, Miami, Florida 33131.

2. Respondent BDT is a corporation organized and existing under the laws of Barbados, having its principal place of business at 1st Floor, Hastings House, Balmoral Gap, Hastings, Christ Church, Barbados, BB14034.

### JURISDICTION AND VENUE

3. This Court has jurisdiction under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, including 9 U.S.C. § 203 (the New York Convention), as well as 28 U.S.C. § 1331, since the

arbitral proceedings occurred in the Southern District of Florida, the arbitral award was issued in the Southern District of Florida, and 9 U.S.C. § 203 states that this action under the New York Convention shall be deemed to arise under the laws and treaties of the United States. Additionally, BDT consented to jurisdiction in this District by contractual agreement. *See* Engagement Agreement, attached as **Exhibit A**, at 5–6.

4.  Venue lies pursuant to the Federal Arbitration Act, 9 U.S.C. § 9, the New York Convention, 9 U.S.C. § 204, as well as pursuant to 28 U.S.C. § 1391, since a substantial part of the events, including the arbitration, took place in Miami, Florida within the Southern District of Florida. Moreover, BDT consented to venue in this District by contractual agreement. *See* **Exhibit A** at 5–6.

## FACTUAL BACKGROUND

5.  On June 19, 2019, SFL and BDT entered into a written engagement agreement ("Engagement Agreement") by which SFL was to act as legal counsel to BDT in the lawsuit styled *BDT Investments, Inc. v. LISA, S.A.*, Case No.: 18-22005-civ-COOKE, pending in the United States District Court for the Southern District of Florida, as well as *BDT Investments, Inc. v. LISA, S.A.*, Case No.: 2017-4616 CA (01), pending in the Eleventh Judicial Circuit Court, in and for Miami-Dade County, Florida. **Exhibit A**.[1]

6.  The Engagement Agreement includes an arbitration clause providing that "if any claim or controversy arises out of or relating to this agreement or any services provided by [SFL] to [BDT] in the above matter (or any related matter), all parties waive any right to bring a court action or have a jury trial and agree that the dispute shall be submitted to binding confidential

---

[1] Chad S. Purdie, SFL's Partner, has testified that Exhibit A is a true and correct copy of the Engagement Agreement. **Exhibit B** at ¶ 3. SFL has redacted the Engagement Agreement as necessary to protect attorney-client privilege. *Id.*

arbitration in Miami, Florida before the American Arbitration Association (AAA) in accordance with the Commercial Arbitration Rules." **Exhibit A** at 5.

7. Although SFL sent monthly invoices to BDT listing the legal services rendered and costs incurred, BDT failed to submit payment to SFL for legal services rendered within the prescribed time, in material breach of the Engagement Agreement. BDT owed SFL for several invoices in full, plus interest.

8. BDT's non-payment of legal fees ultimately resulted in the termination of the attorney-client relationship between the parties.

9. Based on the arbitration provision in the Engagement Agreement, on April 17, 2020, SFL initiated an arbitration proceeding against BDT, in Miami, Florida pursuant to a Demand for Arbitration with the International Centre for Dispute Resolutions at the AAA (the "Arbitration"), with AAA case number 01-20-0004-9782.

10. On October 13, 2020, the sole arbitrator in the case, Carlos F. Concepcion, entered a Final Award in favor of SFL ("Final Award"), and notified the parties thereof. A true and correct, certified copy of the arbitration award is attached hereto as **Exhibit C**.

11. The Final Award is a consent award. *Id*.

## REQUEST FOR CONFIRMATION/ENFORCEMENT OF THE FINAL AWARD

12. Pursuant to the Federal Arbitration Act and the New York Convention, SFL seeks to have the Court confirm and enforce the Final Award.

13. The arbitration was held in Miami, Florida pursuant to a valid and enforceable agreement and the arbitrator had jurisdiction over the parties and the issue.

14. The arbitrator rendered a Final Award and granted the relief stated therein to SFL, signed the Final Award, and notified SFL and BDT of his entry of the Final Award.

15. The Final Award arose out of a legal relationship that is commercial in nature and is not entirely between citizens of the United States, thereby falling under the purview of the New York Convention. *See* 9 U.S.C. § 202.

16. There are no grounds to correct, modify, or vacate the Final Award. BDT did not move to correct, modify, or vacate the Final Award.

17. In fact, the Final Award was a consent award. **Exhibit "C"**.

18. The Final Award was granted in full compliance with the New York Convention, and there are no grounds for refusal to enforce or confirm the arbitral award under Article V of the New York Convention.

19. This motion is timely under the New York Convention because it is filed within three years after the issuance of the Final Award. *See* 9 U.S.C. § 207. It is also timely under the Federal Arbitration Act because it is filed within one year after the issuance of the Final Award. *See* 9 U.S.C. § 9.

20. As such, this Court should confirm and enforce the Final Award under the Federal Arbitration Act.

21. SFL is filing the following items contemporaneously with the Petition as attachments through the CM/ECF system: (1) a proposed Order confirming and enforcing the Final Award, and (2) a proposed Final Judgment.

WHEREFORE, Petitioner Sanchez Fischer Levine, LLP requests that this Court enter an order confirming and enforcing the Final Award, reducing the Final Award to a judgment of this Court, and granting any such other and further relief that this Court deems just and proper.

Dated: January 20, 2021                                    Respectfully submitted,

                                                           **SANCHEZ FISCHER LEVINE, LLP**
                                                           1200 Brickell Avenue, Suite 750

        Miami, Florida 33131
Tel.: (305) 925-9947

By: /<u>*s/ Chad S. Purdie*</u>
Chad S. Purdie, Esq.
Florida Bar No.: 41965
Email: cpurdie@sfl-law.com
Secondary: eservice@sfl-law.com
Paola Sanchez Torres, Esq.
Florida Bar No.: 99639
Email: psanchez@sfl-law.com

5